## McLAUGHLIN ET AL. v. UNION NATIONAL SAVINGS & LOAN ASSOCIATION.

[No. 4,411.    Filed May 26, 1903.    Rehearing denied January 6, 1904.]

APPEAL AND ERROR.—*Assignment of Error.—Parties.*—A joint assignment of error by plaintiff and his wife upon the action of the court in overruling their demurrer to defendant's cross-complaint, and the overruling of plaintiff's motion for a new trial, presents no question on appeal, where the plaintiff alone excepted to the ruling on the demurrer and alone moved for a new trial.

From Elkhart Circuit Court; *J. D. Ferrall*, Judge.

Action by George McLaughlin and another against the Union National Savings & Loan Association. From a judgment for defendant, plaintiffs appeal.   *Affirmed.*

*H. C. Dodge*, for appellants.
*R. W. McBride* and *C. S. Denny*, for appellee.

BLACK, J.—There are in the record before us in this case a number of irregularities, of which we will notice only a portion, enough for the disposal of the case.

The plaintiff was George W. McLaughlin, who by his complaint sought the cancelation of a mortgage on his real estate, executed by him and his wife, Clara McLaughlin, to the appellee, and to recover a penalty for the failure of the appellee to enter satisfaction upon the record of the mortgage.   The appellee filed a cross-complaint against the plaintiff and his wife and others, seeking therein the foreclosure of the mortgage.   To this pleading the plaintiff and his wife severally demurred for want of sufficient facts.   The court having overruled the demurrer, the plaintiff alone excepted to the ruling.   The plaintiff alone answered the cross-complaint, and the plaintiff alone moved for a new trial.   George W. McLaughlin and Clara McLaughlin jointly assigned as errors the overruling of the demurrer to the "plaintiff's" cross-complaint and the over-

ruling of the plaintiff's motion for a new trial. Treating the word "plaintiff's" as used in designating the cross-complaint in the assignment of errors as a clerical mistake, it is manifest that neither of the rulings assigned as errors can be made available as such by the plaintiff and his wife jointly.

Judgment affirmed.